1
2
3
4
5
6
7
8
9            **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   JOHN L. McCARTY,                              CASE NO. CV F-05-1650 REC LJO

13                    Plaintiff,                   **FINDINGS AND RECOMMENDATIONS TO**
                                                   **DISMISS ACTION**
14          vs.

15   JACQUELINE MELLON,

16                    Defendant.
     _____/
17

18   _____**BACKGROUND**

19          Plaintiff John L. McCarty ("plaintiff") proceeds pro se and in forma pauperis in this action and

20   appears to take issue with garnishment from his disability income policy.  On December 30, 2005

21   plaintiff filed his complaint to name Jacqueline Mellon ("Ms. Mellon") as defendant and to identify her

22   as MetLife's director of disability income claims.   The complaint references federal statutes on

23   restrictions on garnishment and appears to allege breach of contract and/or negligence and federal and

24   state statutory violation claims arising from garnishment from plaintiff's disability income payments.

25   The complaint alleges: "MetLife et al paid [plaintiff] under the contractual Disability Income Policy

26   $800 per month from 9/5/70 through 5/1999 and then MetLife broke the agreement (contract) by

27   honoring a Seminole County Florida Income Deduction Order that was obtained by fraud and giving

28   100% of his benefit to another."

                                                    1

1    This Court issued its January 12, 2006 order to dismiss the complaint ("January 12 order") based

2    on pleading deficiencies, limitations defenses, and apparent attempt to vex Ms. Mellon.  The January

3    12 order granted plaintiff up to January 27, 2006 to file an amended complaint and admonished plaintiff

4    that "**failure to file an amended complaint in compliance with this order will result in**

5    **recommendation to dismiss this action for failure to obey a court order.**"   (Bold in original.)

6    Plaintiff failed to timely file an amended complaint and to comply with the January 12 order.

### DISCUSSION

### Failure To Comply With Orders

9    This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

10   these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

11   and all sanctions . . . within the inherent power of the Court." District courts have inherent power to

12   control their dockets and "in the exercise of that power, they may impose sanctions including, where

13   appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

14   A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local

15   rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

16   local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply

17   with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

18   1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

19   of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

20   comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

21   of prosecution and failure to comply with local rules).

22   In determining whether to dismiss an action for failure to comply with a court order or local rules

23   or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

24   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

25   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

26   alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

27   *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

28   In this case, the Court finds that the public's interest in expeditiously resolving this litigation and

1  the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this

2  action with his unexplained failure to file an amended complaint.  The third factor --  risk of prejudice

3  to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the

4  occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th

5  Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

6  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party

7  that his failure to obey the court's order will result in dismissal satisfies the "consideration of

8  alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d

9  at 1424.  The January 12 order admonished plaintiff that  "**failure to file an amended complaint in**

10  **compliance with this order will result in recommendation to dismiss this action for failure to obey**

11  **a court order.**" (Bold in original.)  Thus, plaintiff received adequate warning that dismissal will result

12  from noncompliance with this Court's order and failure to prosecute this action.  Quite simply, plaintiff

13  has failed to comply with this Court's order or to meaningfully and intelligently respond.

14                                          **CONCLUSION AND RECOMMENDATION**

15            Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice  on grounds

16  plaintiff has failed to: (1) file an amended complaint; (2) comply with this Court's order; and (3)

17  diligently prosecute this action.

18            These findings and recommendations are submitted to the district judge assigned to this action,

19  pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than February 14, 2006,

20  plaintiff may file written objections with the Court and serve a copy on the magistrate judge in

21  compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections

22  to Magistrate Judge's Findings and Recommendations."  The district judge will then review the

23  magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).  Plaintiff is advised that failure to file

24  objections within the specified time may waive the right to appeal the district court's order.  *Martinez*

25  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

26            IT IS SO ORDERED.

27  **Dated:    January 30, 2006                       /s/ Lawrence J. O'Neill**
    66h44d                                          UNITED STATES MAGISTRATE JUDGE
28